## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   TANDY MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-17-  436-R |
| | ) | |
| 1.   HAMPEL OIL DISTRIBUTORS, INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | ATTORNEY LIEN CLAIMED |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and alleges that:

## PARTIES

1.    The Plaintiff is Tandy Miller, an adult resident of Roger Mills County, Oklahoma.

2.    The Defendant is Hampel Oil Distributors, Inc., a foreign for profit business doing business in Beckham County, Oklahoma.

## JURISDICTION AND VENUE

3.    Plaintiff's causes of action are for gender discrimination and retaliation after Plaintiff complained of gender discrimination, in violation of Title VII and the Oklahoma Anti-Discrimination Act (OADA); and disability discrimination, including retaliation for requesting accommodations, in violation of the Americans with Disabilities Act (ADA) and OADA.

4.    All of the actions complained of occurred in Beckham County, Oklahoma, and the Defendant may be served in that county, wherefore venue is proper in this Court.

## STATEMENT OF FACTS

5.      The Defendant employed at least fifteen (15) employees during at least twenty (20) weeks of each of the current and proceeding calendar years and is a covered employer under the ADA and Title VII.  There is no minimum employee requirement to be subject to the OADA.

6.      Plaintiff, female, worked for the Defendant from around November 4, 2012, until around March 8, 2016.

7.      From the time of hire, until around December 10, 2015, the Plaintiff worked as a truck driver.

8.      During all times of her employment, the Plaintiff was qualified for her job and performed satisfactorily.

9.      Around December 10, 2015, Plaintiff suffered an on-the-job injury to her back which, without the ameliorative effects of mitigating measures, would substantially affect major life activities including walking, standing and sleeping. For this and other reasons, the Plaintiff is disabled under the ADA as having an actual disability and/or a record of a disability.

10.     At the least, Defendant perceived Plaintiff as being disabled for reasons including that Defendant refused to allow Plaintiff to drive a truck – the job she performed prior to her back injury – and told Plaintiff the decision was because her injury made her "too much of a liability".

11.     The Plaintiff requested time off work for treatment and attempted recover from her back injury.  Such time off work was a reasonable accommodation for

Plaintiff's disability.

12.    Plaintiff returned to work around January 11, 2016.

13.    When Plaintiff returned to work, she did not have physical restrictions and was capable of performing her job as a truck driver without accommodation.

14.    Upon her return to work, Chris Dusek (male, Operations Manager) told Plaintiff she had been demoted to "Yard Hand". Plaintiff was told by Chris Williams (Branch Manager) and Jen Hensley (HR) that the company would "watch" Plaintiff to see if she could continue working after her injury and time off work.

15.    As a "Yard Hand", Plaintiff:

    A.    Was scheduled to work approximately twenty (20) hours less per week than as a Truck Driver; and

    B.    Was demoted in pay from around $22.25/hour (as a Truck Driver) to around $16/hour (as a Yard Hand).

16.    As a "Yard Hand", Plaintiff was still required to drive the same trucks she drove as a Truck Driver, but only within the Defendant's work yard and without the same pay or scheduled hours as discussed in Para. 15, above.

17.    Defendant did not demote male Truck Drivers who suffered injuries or had medical conditions.

18.    Around the first week of February 2016, and about each week thereafter, Plaintiff complained to Ms. Hensley and Mr. Dusek that she was being treated unfairly because she (female) was demoted after being injured and several

3

males who were also injured at work were not demoted.

19.    Around March 8, 2016, Mr. Williams told Plaintiff that Defendant was going to cut her (Plaintiff's) hours even more in order to force her to quit.  Mr. Williams told Plaintiff that if she quit voluntarily the Defendant would not contest her unemployment.  Mr. William told Plaintiff that if she did not quit, the company would schedule her for only four hours of work each day and that the Defendant knew this when they decided to cut her hours again and give her the option to resign and seek unemployment.

20.    Defendant's conduct resulted in Plaintiff being constructively discharged around March 8, 2016.

21.    As a direct result of the Plaintiff's termination, she has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm including worry, stress, frustration and similar unpleasant emotions.

22.    At the least, motivating factors in the decision to terminate the Plaintiff include her disability (including actual, record of, and/or perceived disability), retaliation for her requests for accommodation, her gender and/or her complaints of gender discrimination.

23.    Plaintiff exhausted her administrative remedies by filing an EEOC charge of discrimination around April 22, 2016, and by amending the EEOC charge around July 18, 2016.  The EEOC issued Plaintiff her right to sue letter on March 16, 2017, and Plaintiff received such letter thereafter.  This complaint

is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter.

## COUNT I

Plaintiff incorporates the above facts and further alleges:

24.     Discrimination on the basis of a disability (including an actual disability, a record of a disability and/or because Defendant perceived Plaintiff as being disabled), and retaliation after Plaintiff requested accommodations for her disability, violates the Americans with Disabilities Act and Oklahoma's Anti-Discrimination Act.

25.     Under this Count, the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages.

26.     Because the Defendant's conduct was reckless and/or willful, the Plaintiff is entitled to an award of punitive damages under the ADA. Plaintiff is entitled to liquidated damage under the OADA without a heightened showing.

## COUNT II

Plaintiff incorporates the above facts and further alleges:

27.     Discrimination on the basis of gender, including retaliation after Plaintiff complained of gender discrimination, violates Title VII and the OADA.

28.     Under this Count, the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages.

29.     Because the Defendant's conduct was reckless and/or willful, the Plaintiff is

entitled to an award of punitive damages under Title VII.  Plaintiff is entitled

to liquidated damage under the OADA without a heightened showing.

## PRAYER

**WHEREFORE**, Plaintiff requests this Court enter judgment in her favor and against

the Defendant and grant her all compensatory damages suffered together with all damages,

liquidated damages, attorneys' fees, costs and interest and such other legal and equitable

relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 14th DAY OF APRIL, 2017.**

s/Amber L. Hurst
Mark Hammons OBA # 3784
Amber Hurst, OBA #21231
Leah M. Roper, OBA #32107
HAMMONS GOWENS HURST &
   ASSOCIATES
325 Dean A. McGee Ave.
Oklahoma City, OK, 73102
(405) 235-6100
(405) 235-6111 (fax)
mark@hammonslaw.com
amber@hammonslaw.com
leah@hammonslaw.com
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED
*Counsel for Plaintiff*